PROB. 12B
(7/93)

ORIGINAL

# United States District Court

for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 19 2007

at \_\_11\_\_ o'clock and \_\_3\_\_ min. A M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  JOHN HATA II               Case Number:  CR 03-00490SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence:  2/28/2005

Original Offense:   Unlawful User of a Controlled Substance in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), a Class C felony

Original Sentence:  Twenty-six (26) months imprisonment followed by three (3) years of supervised release with the following special conditions:  1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant provide the Probation Office access to any requested financial information; and 3) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Type of Supervision:  Supervised Release        Date Supervision Commenced:  2/3/2006

## PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

**General Condition:**   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

**Special Condition No. 1:**   That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

## CAUSE

As the Court may recall, the offender's term of supervised release commenced on 2/3/2006. Additionally, the offender commenced substance abuse treatment and testing on 2/19/2006.

On 11/21/2006, a Report on Offender Under Supervision (Probation Form 12A) informed the Court that the offender's 11/1/2006 and 11/3/2006 urine specimens tested positive for amphetamine and methamphetamine. Subsequently, the Court agreed not to take action against the offender given that he was amenable to continued substance abuse treatment and testing.

Since then, the offender violated the conditions of supervision as follows:

**Violation No. 1 - The Offender Admitted Using Crystal Methamphetamine on 3/7/2007, in Violation of Standard Condition No. 7:**

On 3/9/2007, Hina Mauka - Waipahu (HM-W) informed this officer that the offender's urine specimen submitted on 3/9/2007 as part of his substance abuse treatment regimen tested positive for methamphetamine with the non-instrumented drug testing device (NIDTD) - MCC kit. Because positive results with the NIDTD kits are

Prob 12B
(7/93)

3

considered "presumptive positive results," the urine specimen was sent to Scientific Testing Laboratories, Inc. (STLI), on 3/12/2007. The STLI confirmation has not yet been received.

When this officer questioned the offender about the presumptive positive result, he admitted that he smoked "ice" or methamphetamine on 3/7/2007. In this regard, the offender related that he was upset after receiving a letter from his landlord that he, his brother, and their respective girlfriends needed to vacate the property due to nonpayment of late fees and/or full rent. Additionally, his brother and brother's girlfriend blamed him for the nonpayment of the late fees and/or the full rent which led to the eviction notice. The offender further admitted that he smoked the drug with friends in Ewa Beach. However, he denied that he had used illicit drugs previous to 3/7/2007. Other than the positive drug tests reported in this report, the offender otherwise submitted approximately 51 urine specimens that were negative for illicit drugs.

This officer informed the offender that he was in violation of his supervision for using methamphetamine. After further discussion, the offender reported that he was still committed to addressing his drug addiction. He further reported that he was steadily employed and believed he could benefit from further treatment. Subsequently, this officer instructed the offender to report to the Probation Office on 3/13/2007.

On 3/13/2007, this officer conferred with the offender's substance abuse counselor at HM-W. The substance abuse counselor recommended that the offender participate in their Intensive Outpatient Program (IOP). The IOP includes group counseling for 3 hours a day, 3 days a week for 3 months.

On 3/13/2007, the offender reported to the Probation Office and submitted a urine specimen which tested negative for illicit drugs. The offender was informed of the recommended treatment and agreed to participate in the IOP. Consequently, the offender reported to HM-W on 3/14/2007 for the IOP intake. Additionally, the offender agreed to the recommended modifications for random drug testing that will be conducted in conjunction with testing as part of his treatment regimen and following his completion of substance abuse treatment.

In light of the offender's agreement to participate in the IOP, it appears the offender is genuine in his desire to maintain his sobriety.

It is recommended that the Court take no action on the violation at this time. Although the violations are serious, the offender appears amenable to rehabilitation and sincere in his desire to participate in substance abuse treatment and testing. Additionally, continued treatment and testing will allow the offender to maintain his employment. Further, the modifications will allow this officer to drug test the offender should he fail to submit to a drug treatment test and/or for purposes of risk control, including suspicion of drug use.

The offender understands that continued drug use and/or missed treatment or testing sessions will not be tolerated.

Prob 12B
(7/93)

4

    Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release and/or Extend Term of Supervision. The offender waives his right to a hearing and to assistance of counsel. The U.S. Attorney's Office and the offender's counsel have been notified of the proposed modifications and have no objections.

    Additionally, the Notice Regarding Modification of Conditions is attached. The offender understands that any modification of Court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the Court as a basis for revoking supervised release, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 3/15/2007

---

THE COURT ORDERS:

[✓] The Modification of Conditions as Noted Above
[ ] Other

SUSAN OKI MOLLWAY
U.S. District Judge

MAR 16 2007
Date

**UNITED STATES DISTRICT COURT**
DISTRICT OF HAWAII
PROBATION OFFICE

RICHARD W. CRAWFORD
Chief Probation Officer

March 14, 2007

Room C - 110
300 Ala Moana Blvd.
Honolulu, Hawaii 96850-0110
Tel. (808) 541-1283
FAX (808) 541-1345

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant. Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_____
Defendant

Print Name: John Hata II

Date: 3-14-07

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]  To extend the term of supervision for  years, for a total term of  years.
[✓]  To modify the conditions of supervision as follows:

**General Condition:** That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

**Special Condition No. 1:** That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Witness: _____  Signed: _____
DEREK M. KIM                                                JOHN HATA II
Senior U.S. Probation Officer                         Supervised Releasee

3/14/07
_____
Date