ORIGINAL

Prob 12C
(Rev. 3/95 D/HI)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 2 0 2007

at _____ o'clock and _____ min. ___ M
SUE BEITIA, CLERK

**SEALED BY ORDER OF THE COURT**
**United States District Court**

**for the**

**DISTRICT OF HAWAII**

U.S.A. vs. <u>JOHN HATA, II</u>         Docket No. <u>CR 03-00490SOM-01</u>

**REQUEST FOR COURSE OF ACTION**
**(Statement of Alleged Violations of Supervised Release)**

COMES NOW DEREK M. KIM, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of JOHN HATA, II, in Criminal No. CR 03-00490SOM-01, who was placed on supervision by U.S. District Judge Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 28th day of February, 2005, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant provide the Probation Office access to any requested financial information.

3. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

The offender's term of supervised release commenced on 2/3/2006.

On 3/19/2007, the offender's supervised release conditions were modified as follows:

General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

Special Condition No. 1: That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

SEALED
BY ORDER OF THE COURT

Prob 12C
(Rev. 3/95 D/HI)

2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the offender has violated the conditions of his supervised release (Probation Forms 7A and 12B are attached) as follows:

1.  The offender failed to follow the Probation Officer's 3/10/2006 instruction to submit to DNA collection on 4/6/2006, in violation of Standard Condition No. 3 and the General Condition.

2.  The offender failed to notify the Probation Officer of his change in residence in April 2006, and failed to follow the Probation Officer's 5/31/2006 instruction to provide his new residence address on 6/1/2006, in violation of Standard Condition Nos. 3 and 6.

3.  The offender failed to notify the Probation Officer of his change in employment in September 2006, in violation of Standard Condition No. 6.

4.  The offender refused to submit to drug testing that was part of his substance abuse treatment regimen at Hina Mauka - Waipahu (HM-W) on 10/31/2006, in violation of Special Condition No. 1.

5.  The offender's 11/1/2006 and 11/3/2006 non-treatment urine specimens tested positive for amphetamine and methamphetamine, in violation of the General Condition.

6.  The offender refused to submit to drug testing that was part of his substance abuse treatment regimen at HM-W on 12/21/2006, in violation of Special Condition No. 1.

7.  The offender's 3/9/2007 urine specimen submitted as part of his substance abuse treatment regimen tested positive for amphetamine and methamphetamine, in violation of Special Condition No. 1 and Standard Condition No. 7.

8.  The offender's 3/19/2007 urine specimen submitted as part of his substance abuse treatment regimen tested positive for amphetamine and methamphetamine, in violation of Special Condition No. 1 and Standard Condition No. 7.

9.  The offender failed to notify the Probation Officer of his change in employment and residence in March 2007; and failed to follow the Probation Officer's 3/29/2007 instruction to report to the Probation Office on 4/4/2007, in violation of Standard Condition Nos. 3 and 6.

10. The offender refused to comply with drug testing that was part of his substance abuse treatment regimen at HM-W on 4/3/2007, in violation of Special Condition No. 1.

11. The offender refused to participate in HM-W's intensive outpatient treatment program on 3/21/2007 and 3/28/2007, in violation of Special Condition No. 1.

Prob 12C
(Rev. 3/95 D/HI)

3

Based on the above, the U.S. Probation Officer recommends that a No Bail Warrant be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a No Bail Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL Warrant and the Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

[  ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   4/19/2007

_____
DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

_____
GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 3/95 D/HI)

4

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL Warrant and the Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Considered and ordered this 19th day of April 2007, and ordered filed and made a part of the records in the above case.

SUSAN OKI MOLLWAY
U.S. District Judge

Re:   **HATA, II, John**
      **Criminal No. CR 03-00490SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

On 2/28/2005, the offender was sentenced to 26 months imprisonment after having been convicted of Unlawful User of a Controlled Substance in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), a Class C felony.  The offender was also sentenced to a supervised release term of 3 years.

On 2/3/2006, the offender's term of supervised release commenced.  Since then, the offender has committed the following violations of supervised release:

### Violation No. 1 - Failure to Follow the Probation Officer's 3/10/2006 Instruction to Submit to DNA Collection on 4/6/2006:

On 3/10/2006, the offender was instructed to report to the Federal Detention Center - Honolulu (FDC - Honolulu) on 4/6/2006 at 9:15 a.m. to submit to DNA collection pursuant to the General Condition of supervision and the Justice for All Act of 2004.

On 4/6/2006, Probation Office staff informed this officer that the offender did not report to FDC - Honolulu as instructed.

On 4/7/2006, this officer questioned the offender regarding his failure to report to FDC - Honolulu on 4/6/2006.  The offender acknowledged that he knew about the collection date but indicated he was at "job training" and felt compelled to stay at work. In this regard, the offender had started employment at VIP Transportation in March 2006.  This officer advised the offender that he was in violation of his supervision for failing to follow this officer's instructions and failing to submit to DNA collection as required by law.  This officer subsequently provided the offender with a second collection date.

On 7/6/2006, the offender submitted to DNA collection at FDC - Honolulu.

### Violation No. 2 - Failure to Notify the Probation Officer of Change in Residence in April 2006, and Failure to Follow the Probation Officer's 5/31/2006 Instruction to Provide New Residence Address on 6/1/2006:

Pursuant to Standard Condition No. 6, the offender is required to provide 10-day advance notice of any changes with his residence and employment.

On 5/31/2006, this officer attempted to personally meet with the offender at his reported residence in Ewa.  However, while at the residence, the offender's sister

Re:    **HATA, II, John**
       **Criminal No. CR 03-00490SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

informed this officer that the offender did not reside there.  In this regard, the offender's sister reported that the offender had been residing with their older brother in the Salt Lake area of Honolulu since approximately April 2006.  The offender's sister did not know the residence address in Salt Lake.  Immediately thereafter, this officer telephoned the offender's cellular telephone and left a voice message instructing him to contact this officer on 6/1/2006 to provide his brother's address.

On 6/1/2006, the offender reported to the Probation Office without an appointment to drop off his Monthly Supervision Report (MSR).  The MSR included a handwritten note indicating that he was "not living in Moanalua" and that he was "just sleeping there" because it was "closer to work."  However, the offender did not provide his brother's address or ask Probation Office staff to speak with this officer.

On 6/5/2006, this officer telephoned the offender's cellular telephone to discuss his change of residence address.  This officer was unable to leave a message for the offender.  Subsequently, this officer contacted the offender's sister and asked her to have the offender report to the Probation Office on 6/9/2006.

On 6/9/2006, the offender reported to the Probation Office as instructed.  This officer advised the offender that he was in violation of his supervision for:  1) failing to report his change in residence address in April 2006; and 2) failing to follow the Probation Officer's 5/31/2006 instruction.  The offender apologized for his conduct and indicated that he "did not know" he needed to let this officer know where he was staying.  The offender subsequently provided his brother's Likini Street address but indicated that his brother would be moving at the end of June 2006.  Thereafter, this officer advised the offender that he could reside at his mother's Ewa home as well as his brother's Likini Street address as long as this officer was allowed to inspect both premises.  The offender agreed and reported that he would let his brother know.  This officer further advised the offender that he is required to inform this officer of all residence and employment changes.  The offender reported that he understood.

**Violation No. 3 - Failure to Notify the Probation Officer of Change in Employment in September 2006:**

Pursuant to Standard Condition No. 6, the offender is required to provide 10-day advance notice of any changes with his residence and employment.

On 9/5/2006, the offender reported that he commenced employment at Sbarro's, Ala Moana Shopping Center, on 9/4/2006.

Re:    **HATA, II, John**
      **Criminal No. CR 03-00490SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

However, on 10/5/2006, this officer received the offender's September 2006 MSR which indicated the offender was no longer working at Sbarro's. Specifically, the offender reported that Sbarro's "wasn't working out." However, the offender did not indicate the date he terminated his employment or was terminated.

### Violation No. 4 - Refusal to Submit to Drug Testing That was Part of Substance Abuse Treatment at Hina Mauka - Waipahu (HM-W) on 10/31/2006:

On 2/3/2006, the offender was processed for supervision at the Probation Office. During the processing, this officer informed the offender that he was required to participate in drug treatment and drug testing at HM-W. Drug testing is part of the offender's substance abuse treatment regimen. This officer further informed the offender that if he failed to attend drug treatment or submit to drug testing, his failure would constitute a refusal to participate in drug treatment or a refusal to submit to drug testing. The offender acknowledged that he understood this condition.

On 11/1/2006, HM-W informed this officer that the offender reported for drug testing on 10/31/2006 but "stalled." Specifically, the offender could not provide a urine specimen at HM-W.

On 11/1/2006, the offender reported to the Probation Office as instructed. The offender admitted that on 10/31/2006, he "stalled" because he could not provide a urine specimen to HM-W staff. This officer advised the offender that he was in violation of his supervision for refusing to submit to drug testing given that he had an 8-hour window to report to HM-W to provide a urine specimen. The offender acknowledged the violation and apologized for his violation.

### Violation No. 5 - Offender's 11/1/2006 and 11/3/2006 Non-treatment Urine Specimens Tested Positive for Amphetamine and Methamphetamine:

Pursuant to the mandatory drug testing condition imposed at sentencing, the offender is required to submit to one drug test within 15 days of his release and at least two drug tests thereafter. A total of three drug tests were authorized. Drug testing in excess of three were authorized pursuant to the modification of the mandatory drug testing condition on 3/19/2007, to include up to eight valid drug tests per month as reflected on the facesheet of the petition.

Based upon the offender's admission that he did not provide a urine specimen to HM-W on 10/31/2006, on 11/1/2006, the offender submitted a urine specimen to Senior U.S. Probation Officer Fituina F. Tua (Senior USPO Tua) pursuant to the

Re:   **HATA, II, John**
**Criminal No. CR 03-00490SOM-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 4**

General Condition of supervision (Violent Crimes Control Act). The urine specimen subsequently tested positive for amphetamine and methamphetamine with a non-instrumented drug testing device (NIDTD). Because positive results with the NIDTD kits are considered "presumptive positive results," urine specimens are sent to Scientific Testing Laboratories, Inc. (STLI), for confirmation. The offender's urine specimen was subsequently sent to STLI for confirmation.

Thereafter, Senior USPO Tua questioned the offender regarding the presumptive positive urine specimen. The offender admitted that he smoked crystal methamphetamine days earlier. Senior USPO Tua informed the offender that he would be contacted later by this officer.

On 11/3/2006, the offender reported to the Probation Office as instructed and submitted a urine specimen to this officer pursuant to the General Condition of supervision (Violent Crimes Control Act). The urine specimen was subsequently sent to STLI after it tested positive for amphetamine and methamphetamine with an NIDTD.

Thereafter, this officer questioned the offender regarding the 11/1/2006 and 11/3/2006 positive urine tests. The offender admitted that he had smoked methamphetamine. Specifically, the offender reported that on 10/31/2006, he met with "old friends" to "cruise" around in Ewa Beach. They subsequently purchased methamphetamine and smoked the drug. When questioned why he decided to smoke methamphetamine, the offender related that he was upset because his 5-year-old son refused to speak to him during several attempted telephone contacts earlier in the day. The offender further related that he believed the mother of his child had made negative comments about the offender to their son. Upon further questioning, the offender related that although he smoked "ice," or methamphetamine on the evening of 10/31/2006, he did not use the drug thereafter, including between 11/1/2006 and 11/3/2006.

This officer informed the offender that he was in violation of his supervision for possessing and using methamphetamine. After further discussion, the offender reported that he believed he could benefit from individual counseling at HM-W. He further reported that he understood that drug use would not under any circumstances, benefit him or his son.

On 11/10/2006, the offender commenced participation in individual substance abuse treatment at HM-W.

On 11/17/2006, STLI confirmed that the offender's 11/1/2006 and 11/3/2006 urine specimens were positive for amphetamine and methamphetamine. It cannot be

Re:    **HATA, II, John**
       **Criminal No. CR 03-00490SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 5**

determined whether the 11/3/2006 urine specimen was a result of new usage or was a residual result. In this regard, methamphetamine can be detected for a period of up to 72 hours post-use.

On 11/17/2006, this officer questioned the offender regarding the 11/3/2006 urine specimen. The offender denied that he used the illicit drug after being tested on 11/1/2006 and indicated that prior to submitting the 11/1/2006 urine specimen, he took "flushing substances" which may have affected the 11/1/2006 urine specimen.

In light of the offender's comments to this officer and his substance abuse counselor, a Report on Offender Under Supervision (Probation Form 12A) informed the Court of the offender's 11/1/2006 and 11/3/2006 violations. At the time, this officer recommended that no action be taken against the offender because it appeared that at that time, he was genuine in his desire to maintain his sobriety. The Court concurred and no action was taken against the offender.

### Violation No. 6 - Refusal to Submit to Drug Testing That was Part of Substance Abuse Treatment at HM-W on 12/21/2006:

On 12/22/2006, HM-W informed this officer that the offender failed to report for drug testing that was part of his substance abuse treatment regimen on 12/21/2006. On that same date, this officer instructed the offender to report to the Probation Office to submit to drug testing. At approximately 5:08 p.m., the offender left a telephone voice message indicating that he "did not miss" his drug test because he "already gave four this month." In this regard, the offender reported that he stopped calling for drug tests after he submitted four urine specimens in December 2006. Consequently, the offender erred in thinking that he could only be tested four times per month.

### Violation No. 7 - Offender's 3/9/2007 Urine Specimen Submitted as Part of Substance Abuse Treatment Tested Positive for Amphetamine and Methamphetamine:

On 3/9/2007, HM-W informed this officer that the offender's urine specimen submitted as part of his substance abuse treatment regimen on 3/9/2007 tested positive for methamphetamine with an NIDTD and was sent to STLI on 3/12/2007.

When questioned by this officer about the presumptive positive result, the offender admitted that he smoked "ice" or methamphetamine on 3/7/2007. In this regard, the offender related that he was upset after receiving a letter from his landlord that he, his brother, and their respective girlfriends needed to vacate the property due to nonpayment of late fees and/or full rent. Additionally, his brother and brother's

Re:    **HATA, II, John**
       **Criminal No. CR 03-00490SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 6**

girlfriend blamed him for the nonpayment of the late fees and/or the full rent which led to the eviction notice.  The offender further admitted that he smoked the drug with friends in Ewa Beach.  However, he denied that he had used illicit drugs previous to 3/7/2007.

This officer informed the offender that he was in violation of his supervision for using methamphetamine.  After further discussion, the offender reported that he was still committed to addressing his drug addiction.  He further reported that he was steadily employed and believed he could benefit from further treatment.  Subsequently, this officer instructed the offender to report to the Probation Office on 3/13/2007.

On 3/13/2007, this officer conferred with the offender's substance abuse counselor at HM-W.  The substance abuse counselor recommended that the offender participate in their Intensive Outpatient Program (IOP).  The IOP includes group counseling for 3 hours a day, 3 days a week for 3 months.

On 3/13/2007, the offender reported to the Probation Office and submitted a urine specimen which tested negative for illicit drugs.  The offender was informed of the recommended treatment and agreed to participate in the IOP.  Consequently, the offender reported to HM-W on 3/14/2007 for the IOP screening and intake. Additionally, the offender agreed to modify his conditions of supervision that allowed this officer the ability to randomly drug test the offender in conjunction with testing as part of his treatment regimen and following his completion of substance abuse treatment.

On 3/15/2007, a Request for Modifying the Conditions of Supervision (Probation Form 12B) informed the Court of the offender's admission of drug use on 3/7/2006. The Court agreed with the modifications to allow random drug testing by the Probation Officer as well as specify that drug testing was a part of drug treatment and that the offender was prohibited from consuming alcohol.

On 3/20/2007, STLI informed this officer that the offender's 3/9/2006 urine specimen was positive for amphetamine and methamphetamine.

**<u>Violation No. 8 - Offender's 3/19/2007 Urine Specimen Submitted as Part of Substance Abuse Treatment Tested Positive for Amphetamine and Methamphetamine</u>:**

On 3/20/2007, HM-W informed this officer that the offender's urine specimen submitted as part of his substance abuse treatment regimen on 3/19/2007 tested

Re:   **HATA, II, John**
      **Criminal No. CR 03-00490SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 7**

positive for amphetamine and methamphetamine with an NIDTD and was sent to STLI for confirmation testing.

On 3/27/2007, STLI informed this officer that the offender's 3/19/2007 urine specimen was positive for amphetamine and methamphetamine.

**Violation No. 9 - Failure to Notify the Probation Officer of Change in Employment and Residence in March 2007; and Failure to Follow the Probation Officer's 3/29/2007 Instruction to Report to the Probation Office on 4/4/2007:**

On 3/29/2007, this officer attempted to telephonically locate the offender. Specifically, this officer attempted to contact the offender on his cellular telephone. However, the cellular telephone was no longer in service. Additionally, this officer contacted the offender's employer and learned that the offender had not reported to work for over a week. In this regard, the offender's employer indicated that the offender reportedly was without a vehicle and a home since his brother had "kicked" him out. The employer indicated that he told the offender to return to work once he was settled. Further, this officer contacted the offender's sister to inquire whether he was residing at the Ewa home. The offender's sister reported that the family did not know of the offender's whereabouts. This officer advised the offender's sister to get in touch with the offender to have him report to the Probation Office on 4/4/2007 at 12:00 noon to discuss possible placement at a residential substance abuse treatment facility. The offender's sister reported that she would try to get in touch with the offender.

On 4/4/2007, the offender left a telephone message indicating that he could not report to the Probation Office as instructed because he did not have a way to get to the office. He further reported that he also had a hernia. Additionally, the offender apologized for not providing his new residence address. However, the offender did not subsequently provide the address. Subsequently, the offender did not report to the Probation Office on 4/4/2007 as instructed on 3/29/2007.

Based upon the offender's conduct, he is in violation of his supervision for failing to provide required information as to his new residence address and change in employment status. Additionally, the offender is in violation of his supervision for failing to report to the Probation Office on 4/4/2007.

Re:    **HATA, II, John**
       **Criminal No. CR 03-00490SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 8**

### Violation No. 10 - Refusal to Comply With Drug Testing That was Part of Substance Abuse Treatment at HM-W on 4/3/2007:

On 4/3/2007, HM-W informed this officer that the offender reported for drug treatment testing the same date. After learning that his urine specimen was presumptive positive for methamphetamine with an NIDTD, the offender became upset and immediately left the testing center before a chain of custody form could be executed. HM-W further advised this officer that the urine specimen was subsequently discarded because it could not be sent to STLI for confirmation testing without the offender's signature on the chain of custody.

Based upon his conduct at HM-W on 4/3/2007, the offender refused to comply with drug treatment testing at HM-W. Moreover, the offender was well aware of the fact that if a suspect urine specimen is collected, he is required to sign necessary forms related to the testing, including a chain of custody form.

### Violation No. 11 - Refusal to Participate in HM-W's Intensive Outpatient Treatment Program on 3/21/2007 and 3/28/2007:

On 4/11/2007, this officer contacted HM-W to determine whether the offender was participating in the IOP program at HM-W. HM-W informed this officer that while the offender reported for an intake on 3/14/2007, he failed to report for IOP sessions on 3/21/2007 and 3/28/2007.

In light of the aforementioned violations, it does not appear the offender is amenable to supervision. Specifically, the offender is unable to maintain his sobriety and has ceased participation in substance abuse treatment. Additionally, the offender continues to disregard this officer's instructions and his whereabouts are unknown given that he is no longer employed and no longer residing at his reported residence.

Moreover, the offender squandered multiple opportunities to remain in the community while he addressed his drug problem. In this regard, despite testing positive for methamphetamine in November 2006, the Court allowed the offender to continue on supervision because he appeared committed to drug treatment while employed nearly full-time. Thereafter, despite testing positive in March 2007, the Court continued to allow the offender to remain in the community given that he was willing to participate in an intensive drug treatment program. Since that time, however, the offender continued to abuse methamphetamine. Additionally, he ceased his employment and left his reported residence. Further, given that the offender abruptly left HM-W during drug testing when he knew he was required to execute the chain of custody form, it is apparent the offender will not comply with drug testing. Finally, given that the offender's

Re:    **HATA, II, John**
       **Criminal No. CR 03-00490SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 9**

whereabouts are unknown and he has not attempted to contact this officer since 4/4/2007 and/or provided his current address, the offender's actions indicate that he has absconded from supervision.

Based upon the foregoing, the offender's actions indicate he poses a risk to himself and to the community. In this regard, the offender is actively using drugs and is unresponsive to supervision. Consequently, the Probation Office recommends that a No-Bail warrant be issued for the offender's arrest.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 4/19/2007

DMK/pts

Re:    **HATA, II, John**
       **Criminal No. CR 03-00490SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 10**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

The defendant shall notify the Probation Officer 3 hours prior to the end of the close of business, the name, address, and telephone number of any other residence or lodging he intends to stay overnight.

PROB 7A
(Rev. 9/00, D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

### FOR THE

### DISTRICT OF HAWAII

To:     John Hata II                                   Docket No.  CR 03-00490SOM-01

   Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii.  The defendant's term of supervision is for a period of THREE (3) YEARS commencing upon release from confinement (2/3/06).

   The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

   The defendant shall not commit another federal, state, or local crime.

   That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

 ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

 ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

 ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

 ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer.  (Check, if applicable.)

 ☐ The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

   If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment.  In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

 (1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

 (2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

 (3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)     The defendant shall support his or her dependents and meet other family responsibilities;

(5)     The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)     The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)     The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)     The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)     The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)_____     2/3/16

JOHN HATA II                                    Date
Defendant

_____     2/3/16

DEREK M. KIM                                    Date
Senior U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:    HATA II, John
       Docket No. CR 03-00490SOM-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

1.    That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2.    That the defendant provide the Probation Office access to any requested financial information.

3.    That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)_____          ___2/3/06__

                    JOHN HATA II                        Date
                    Defendant
                                                        2/3/06
_____          _____

                    DEREK M. KIM                        Date
              Senior U.S. Probation Officer

PROB. 12B
(7/93)

**United States District Court**

RECEIVED

'07 MAR 19 P1 :33

for the

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 19 2007

at __11__ o'clock and __30__ min __A__ M
SUE BEITIA, CLERK

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

U.S. PROBATION OFFICE
HONOLULU, HAWAII

Name of Offender:  JOHN HATA II          Case Number:  CR 03-00490SOM-01

Name of Sentencing Judicial Officer:    The Honorable Susan Oki Mollway
                                        U.S. District Judge

Date of Original Sentence:  2/28/2005

Original Offense:    Unlawful User of a Controlled Substance in Possession of a
                     Firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), a
                     Class C felony

Original Sentence:   Twenty-six (26) months imprisonment followed by three (3) years of
                     supervised release with the following special conditions:  1) That the
                     defendant participate in a substance abuse program, which may
                     include drug testing at the discretion and direction of the Probation
                     Office; 2) That the defendant provide the Probation Office access to
                     any requested financial information; and 3) That the defendant shall
                     submit his person, residence, place of employment, or vehicle to a
                     search conducted by the U.S. Probation Office at a reasonable time
                     and in a reasonable manner, based upon reasonable suspicion of
                     contraband or evidence of a violation of a condition of supervision.
                     Failure to submit to a search may be grounds for revocation.  The
                     defendant shall warn any other resident that the premises may be
                     subject to search pursuant to this condition.

Type of Supervision:  Supervised Release     Date Supervision Commenced:  2/3/2006

Prob 12B
(7/93)

2

# PETITIONING THE COURT

[✓]    To modify the conditions of supervision as follows:

**General Condition:**            That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

**Special Condition No. 1:**    That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

## CAUSE

As the Court may recall, the offender's term of supervised release commenced on 2/3/2006. Additionally, the offender commenced substance abuse treatment and testing on 2/19/2006.

On 11/21/2006, a Report on Offender Under Supervision (Probation Form 12A) informed the Court that the offender's 11/1/2006 and 11/3/2006 urine specimens tested positive for amphetamine and methamphetamine. Subsequently, the Court agreed not to take action against the offender given that he was amenable to continued substance abuse treatment and testing.

Since then, the offender violated the conditions of supervision as follows:

**Violation No. 1 - The Offender Admitted Using Crystal Methamphetamine on 3/7/2007, in Violation of Standard Condition No. 7:**

On 3/9/2007, Hina Mauka - Waipahu (HM-W) informed this officer that the offender's urine specimen submitted on 3/9/2007 as part of his substance abuse treatment regimen tested positive for methamphetamine with the non-instrumented drug testing device (NIDTD) - MCC kit. Because positive results with the NIDTD kits are

Prob 12B
(7/93)

3

considered "presumptive positive results," the urine specimen was sent to Scientific Testing Laboratories, Inc. (STLI), on 3/12/2007. The STLI confirmation has not yet been received.

When this officer questioned the offender about the presumptive positive result, he admitted that he smoked "ice" or methamphetamine on 3/7/2007. In this regard, the offender related that he was upset after receiving a letter from his landlord that he, his brother, and their respective girlfriends needed to vacate the property due to nonpayment of late fees and/or full rent. Additionally, his brother and brother's girlfriend blamed him for the nonpayment of the late fees and/or the full rent which led to the eviction notice. The offender further admitted that he smoked the drug with friends in Ewa Beach. However, he denied that he had used illicit drugs previous to 3/7/2007. Other than the positive drug tests reported in this report, the offender otherwise submitted approximately 51 urine specimens that were negative for illicit drugs.

This officer informed the offender that he was in violation of his supervision for using methamphetamine. After further discussion, the offender reported that he was still committed to addressing his drug addiction. He further reported that he was steadily employed and believed he could benefit from further treatment. Subsequently, this officer instructed the offender to report to the Probation Office on 3/13/2007.

On 3/13/2007, this officer conferred with the offender's substance abuse counselor at HM-W. The substance abuse counselor recommended that the offender participate in their Intensive Outpatient Program (IOP). The IOP includes group counseling for 3 hours a day, 3 days a week for 3 months.

On 3/13/2007, the offender reported to the Probation Office and submitted a urine specimen which tested negative for illicit drugs. The offender was informed of the recommended treatment and agreed to participate in the IOP. Consequently, the offender reported to HM-W on 3/14/2007 for the IOP intake. Additionally, the offender agreed to the recommended modifications for random drug testing that will be conducted in conjunction with testing as part of his treatment regimen and following his completion of substance abuse treatment.

In light of the offender's agreement to participate in the IOP, it appears the offender is genuine in his desire to maintain his sobriety.

It is recommended that the Court take no action on the violation at this time. Although the violations are serious, the offender appears amenable to rehabilitation and sincere in his desire to participate in substance abuse treatment and testing. Additionally, continued treatment and testing will allow the offender to maintain his employment. Further, the modifications will allow this officer to drug test the offender should he fail to submit to a drug treatment test and/or for purposes of risk control, including suspicion of drug use.

The offender understands that continued drug use and/or missed treatment or testing sessions will not be tolerated.

Prob 12B
(7/93)

4

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release and/or Extend Term of Supervision. The offender waives his right to a hearing and to assistance of counsel. The U.S. Attorney's Office and the offender's counsel have been notified of the proposed modifications and have no objections.

Additionally, the Notice Regarding Modification of Conditions is attached. The offender understands that any modification of Court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the Court as a basis for revoking supervised release, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 3/15/2007

THE COURT ORDERS:

[✓]    The Modification of Conditions as Noted Above
[  ]    Other

SUSAN OKI MOLLWAY
U.S. District Judge

MAR 1 5 2007
Date

# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII
### PROBATION OFFICE

RICHARD W. CRAWFORD
Chief Probation Officer

March 14, 2007

Room C - 110
300 Ala Moana Blvd.
Honolulu, Hawaii 96850-0110
Tel. (808) 541-1283
FAX (808) 541-1345

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions.   Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant.  The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant.  Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_____
Defendant

Print Name: _John Hata II_

Date: _3-14-07_

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]    To extend the term of supervision for  years, for a total term of  years.
[ ✓ ]    To modify the conditions of supervision as follows:

**General Condition:**    That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

**Special Condition No. 1:**    That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Witness: _____
DEREK M. KIM
Senior U.S. Probation Officer

Signed: _____
JOHN HATA II
Supervised Releasee

3/14/07
_____
Date